Marc E. Hankin (SBN:170505)
Marc@HankinPatentLaw.com
Anooj Patel (SBN: 300297)
Anooj@hankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
T: (310)979-3600; F: (310) 979-3603
Stephen Stark (Appearing *PHV*)
Stephen.Stark@millermartin.com
**MILLER & MARTIN PLLC**
1200 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402
T: (423) 756-6600; F (423) 785-8480

Attorneys for Plaintiff,
**LODGE MANUFACTURING COMPANY**

Valerie W. Ho (SBN: 200505)
hov@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: (310) 586-7700; Fax: (310) 586-7800

Attorneys for Defendant,
**GIBSON OVERSEAS, INC.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LODGE MANUFACTURING COMPANY,<br><br>      Plaintiff,<br><br>   v.<br><br>GIBSON OVERSEAS, INC.,<br><br>      Defendant. | CASE NO. 2:18-cv-08085-PSG-GJS<br><br>Hon. Philip S. Gutierrez<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference: 6/24/2019<br>Time: 2:00 p.m.<br>Courtroom 6A<br><br>Complaint Filed: September 18, 2018<br><br>Counterclaim Filed: September 30, 2018 |

17801626v6

Pursuant to the Court's Order Setting Scheduling Conference (Dkt. 30), Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 26, Plaintiff and Counterdefendant Lodge Manufacturing Company ("Lodge" or "Plaintiff")) and Defendant and Counterclaimant Gibson Overseas, Inc. ("Gibson" or "Defendant") (jointly, the "parties") by and through their counsel of record, having conducted a conference in accordance with Rule 26(f) on June 3, 2019, hereby respectfully submit the following Joint Rule 26(f) Report.

## I. REPORT IN RESPONSE TO RULE 26(f)

### A. NATURE OF THE CASE

Plaintiff Lodge is in the business of making and selling cast iron cookware products. Defendant Gibson is also in the cookware business and sells cast iron products. Lodge alleges that it owns U.S. Patent No. 7,622,197 entitled "Seasoned Ferrous Cookware" relating generally to cookware and specifically to corrosion resistant, scratch resistant and stick resistant ferrous-metal-containing cookware. Lodge contends that Gibson offers to sell and sells certain cookware products under its The Pioneer Woman product line that infringe the '197 patent (collectively, the "Accused Products").

On September 18, 2018, Plaintiff commenced this lawsuit alleging patent infringement. Defendant filed an Answer and Counterclaim on November 21, 2018, denying infringement and seeking a declaration of invalidity and unenforceability. On November 30, 2018, Plaintiff answered Defendant's Counterclaim. The parties have each requested a jury trial on their respective claims.

### B. STATUS OF DISCOVERY

Counsel for the parties held the Rule 26(f) conference on June 3, 2019, and have prepared this Joint Discovery Plan as a result of that conference. The Joint Discovery Plan details the parties' plan for the exchange of initial

- 1 -

17801626v6

disclosures, the proposed subjects of discovery, the proposed limitations on discovery, and the parties' views on electronic discovery.

### C. DISCOVERY PLAN

#### 1. Changes to Timing, Form or Requirements

The parties do not seek any changes in the form or requirement for disclosures under Rule 26(a). The parties propose to exchange initial disclosures no later than June 24, 2019.

#### 2. Discovery Subjects, Timing, and Phasing

The parties expect to conduct discovery, including requests for the production of documents, electronic materials and things; interrogatories; requests for admission; and deposition testimony. The parties do not believe that discovery needs to be phased with the exception that Lodge believes that Gibson should provide discovery concerning its sales of the Accused Products prior to any settlement or mediation conference.

Counsel for each party has instructed their respective clients to preserve discoverable information.

#### 3. Electronically Stored Information

The parties do not anticipate that discovery of electronically stored information (ESI) will be overly extensive and agree to confer regarding appropriate limitations on ESI discovery that would be proportional to the needs to the case.

The parties' obligations for the production of ESI shall not otherwise extend beyond those imposed by the Federal Rules of Civil Procedure.

#### 4. Privilege

##### a. Privilege Logs

The parties agree that privilege logs should include all responsive privileged documents created up to the date of the filing of the Complaint in the

- 2 -

17801626v6

present action. The parties agree that any communications between the parties in this litigation and their attorneys in this litigation are privileged and logging them would be a waste of time and effort.

### b. **Production of Privileged Materials**

The parties acknowledge that regardless of the diligence of any party, a production of privileged or attorney work product documents may occur. The parties agree that the production of privilege or work product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. If a producing party produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the producing party may claw back the protected document by making a written request to the receiving party specifically identifying the protected document, including the date, author, addressees, and general topic of the document and/or the bates number(s), as well as a brief explanation substantiating the claim of privilege. If these conditions are met, the receiving party shall destroy or return to the producing party such inadvertently produced materials and all copies thereof within five (5) calendar days of receipt of the written request. Return of the materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery.

When a producing party gives notice that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e). This

- 3 -

17801626v6

provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

### 5. Limitations on Discovery

The parties agree that the normal limitations on the number of interrogatories as provided by the Federal Rules of Civil Procedure and the Local Rules should apply to this case (25 each per party).  The parties agree that the normal limitations on the number of depositions as provided by the Federal Rules of Civil Procedure should apply to this case (10 each per side); the 10 depositions shall include fact and expert witness depositions.  Each deposition shall not exceed seven hours on the record unless agreed to by the parties or ordered by the Court prior to conducting the deposition.

### 6. Proposed Case Schedule

The parties propose the case schedule dates as reflected in the attached Exhibit A. The Proposed Case Schedule includes various deadlines related to the service of patent infringement contentions, invalidity contentions, and the construction of claim terms.  The parties agree that it would be helpful for the Court to define in its Scheduling Order what is expected of the parties in connection with the service of each of these items, as these items are not defined in the Federal Rules or the Local Rules.  Accordingly, the parties propose that the Court include in its Scheduling Order the requirements which appear below.

**Proposed Requirements:**

1. As part of its Infringement Contentions, Plaintiff must identify and/or produce:
    a. each claim of each patent in suit that is allegedly infringed by the Defendant ("Asserted Claim"), including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;
    b. separately for each claim, each product, device, apparatus, act, process and/or method ("Accused Instrumentality") of Defendant, to the extent known by Plaintiff, that allegedly infringes each

- 4 -

17801626v6

Asserted Claim. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   c. a claim chart specifying where each element of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

   d. whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

   e. if a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim;

   f. documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

   g. documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date claimed by the patentee, whichever is earlier.

2. As part of its Invalidity Contentions, Defendant must identify and/or produce:

17801626v6

a. each item of prior art that allegedly anticipates each Asserted Claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, author, and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

b. a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), a description of the claimed function of that element and the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

c. a detailed statement of any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1);

d. a copy or sample of the prior art identified which does not appear in the file history of the patent at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

3. As part of their Identification of Claim Terms for Construction, the parties shall exchange a list of terms, phrases, or clauses that they have identified for claim construction.

- 6 -

17801626v6

4. As part of their Exchange of Preliminary Claim Constructions and Evidence, the parties shall exchange a preliminary proposed construction for each term, phrase, or clause that either party has identified for claim construction. Each of the parties must also identify each element that it contends is governed by 35 U.S.C. § 112(6), and identify the structure(s), act(s), or material(s) described in the specification corresponding to that element. At the same time, the parties shall exchange a preliminary identification of intrinsic and extrinsic evidence, including without limitation, all references to the specification, prosecution history, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support any of their claim constructions. The parties must identify each such item of intrinsic or extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness's proposed testimony.

5. As part of the Meet and Confer to Narrow Issues for Claim Construction Briefing, the parties shall meet and confer and agree on a list of terms that they propose require construction and each parties' proposed construction.

6. As part of their Joint Claim Construction and Prehearing Statement, the parties shall submit to the Court a statement reflecting each party's final position for claim construction, including each party's list of terms, phrases, or clauses that it has identified for claim construction and its proposed construction for each such term, phrase, or clause, along with an identification of any intrinsic and/or extrinsic evidence known to the party on which it intends to rely either to support its construction or to oppose the other party's proposed construction. In the Joint Claim Construction and Prehearing Statement, the parties shall advise the Court of the anticipated length of time necessary for the Claim Construction Hearing. The parties also shall advise the Court whether they propose to call one or more witnesses at the Claim Construction Hearing, the identity of each

- 7 -

17801626v6

such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

7. As part of the parties' Opening Claim Construction (Markman) Briefs, the Parties shall file and serve opening briefs and any evidence supporting their proposed claim constructions.

8. As part of their Rebuttal Markman Briefs, the parties shall file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

### 7. Other Orders

The parties agree that a confidentiality order governing the handling of confidential and proprietary information is necessary in this case. The parties will confer and submit a stipulated protective order for the Court's approval.

The parties also anticipate that an ESI protocol will be necessary and will similarly confer and submit a proposed order to the Court.

Attorney Neil Brunetz is no longer with Miller & Martin and Lodge has filed a notice of withdrawal. Eileen H. Rumfelt will be added to the case and has filed for *pro hac vice* admission.

The parties consent to electronic service, and agree that such service of papers may be accomplished by electronic mail to the recipients designated by the parties, with the same result as if such papers had been delivered in person. If the e-mail serving a paper is received after midnight (Pacific time), those papers will be considered to have been received on the following day.

- 8 -

17801626v6

## II. REPORT IN RESPONSE TO LOCAL RULE 26-1

### A. COMPLEX CASES

The parties agree that use of the Manual for Complex Litigation is not necessary in this matter.

### B. DISPOSITIVE MOTION SCHEDULE

Pursuant to the proposed schedule set forth in Exhibit A, the parties shall confer regarding a post-*Markman* schedule, which shall address the deadline for filing dispositive motions, after the Court issues its *Markman* decision. The parties agree that motions for summary judgment shall be noticed and served such that the opposing party shall have two weeks to prepare an opposition, the moving party shall have two weeks to prepare a reply and the Court shall have two weeks to consider the papers before the hearing.

### C. SETTLEMENT AND ADR PROCEDURE SELECTION

Pursuant to Local Rule 16-15.4, the parties choose ADR Procedure No. 3, a private dispute resolution proceeding. The parties will pursue ADR no later than 45 days prior to the final pretrial conference, as specified by Local Rule 16-15.2.

### D. TRIAL ESTIMATE

The parties request that any trial be conducted before a jury. The parties estimate that the length of the trial will be 4-5 court days. The parties cannot yet determine the number of witnesses that they would call. However, the parties will be in a better position to determine the number of witnesses they intend to call at trial after discovery has been completed.

### E. ADDITIONAL PARTIES

Plaintiff understands that the allegedly infringing products may be manufactured by another entity for Defendant. To the extent discovery bears this out, Plaintiff may seek to add that entity as an additional defendant.

- 9 -

17801626v6

## F. EXPERT WITNESSES

The proposed timing of expert witness disclosures for claim construction is set forth in the proposed schedule attached as Exhibit A. The parties shall confer regarding a post-*Markman* schedule, which shall address non-claim construction expert discovery, after the Court issues its *Markman* decision.

## G. OTHER ISSUES

The parties are not currently aware of any other issues that may affect the status or management of the case.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: June 17, 2019        By: */Marc E. Hankin/*
Marc E. Hankin (SBN:170505)
Marc@HankinPatentLaw.com
Anooj Patel (SBN: 300297)
Anooj@HankinPatentLaw.com

Attorneys for Plaintiff and Counter-Defendant
LODGE MANUFACTURING COMPANY

**GREENBERG TRAURIG, LLP**

Dated: June 17, 2019        By:*/Valerie W. Ho/*
Valerie W. Ho (SBN: 200505)
hov@gtlaw.com

Attorneys for Defendant and Counter-Claimant
GIBSON OVERSEAS, INC.

- 10 -

17801626v6

# EXHIBIT A – Proposed Schedule

| Proposed Date | Event |
|---|---|
| June 24, 2019 | (1) Opening of Discovery<br>(2) Scheduling Conference<br>(3) Rule 26 Initial Disclosures |
| July 15, 2019 | Plaintiff to serve Infringement Contentions |
| August 30, 2019 | Defendants to serve Invalidity Contentions |
| September 16, 2019 | Identification of Claim Terms for Construction |
| October 7, 2019 | Exchange of Preliminary Claim Constructions and Evidence |
| October 21, 2019 | Meet and Confer to Narrow Issues for Claim Construction |
| November 4, 2019 | File Joint Claim Construction and Prehearing Statement |
| December 2, 2019 | Claim Construction Discovery Cut-Off |
| January 20, 2020 | Parties' Opening Claim Construction (Markman) Briefs |
| February 3, 2020 | Parties' Rebuttal Markman Briefs |
| At Court's Convenience | Markman Hearing |
| At Court's Convenience | Markman Order |
| 14 calendar days after service of Markman Order | The parties shall confer and file a proposed post-Markman schedule with the Court, including for expert reports and discovery and dispositive motions. |

17801626v6